Dear Mr. Braud,
You have requested an opinion of this office regarding a proposed plan by the Plaquemines Parish Government ("PPG") regarding cell phones for critical employees.
According to your request, the PPG presently purchases cell phones and pays the bills associated with those phones for certain "critical" employees who are required to be available 24/7 and/or have jobs that require immediate contact regardless of the employee's location. Policy guidelines prohibit personal use of these cell phones except in the case of a family emergency. As such, many employees also carry personal cell phones for their personal use.
The Plaquemines Parish President has proposed a new plan that would require these critical position employees to use personal funds (that not be reimbursed) to purchase a cell phone and appropriate plan that could be used for personal matters as well as for parish business. The PPG would elect to reimburse each employee for the cost of the basic plan rate in an amount based on the historical use of the government phone by the employee for minutes and related services. Any usage in excess of the basic rate would be the responsibility of the employee. In light of this proposed plan, you have asked the following:
(1) May the PPG reimburse parish employees for the cost of the use of personal/private cell phones for parish related business when the job requirements include 24/7 communication and/or the *Page 2 
job is one critical to the operations of local government requiring immediate contact?
(2) If the answer to question one is in the affirmative, what limitations are there on the amount of the reimbursement?
(3) If the answer to question one is in the affirmative, is it permissible to establish reimbursement on a basic plan rate basis and to adjust the rate periodically if the historical usage for parish related business exceeds the allowables?
Before we address the question of whether it is appropriate for public funds to be used to reimburse employees for their monthly cell phone bills, we must first address whether the PPG can require its critical employees to purchase their own phones as a prerequisite to employment. One reason you cited for having employees purchase their own phones is that the phones the parish purchases frequently turn up broken, lost, or destroyed. The parish no longer wants to incur the expense of replacing phones issued to employees.[1]
PPG has a large number of classified employees who are governed by the rules adopted by the Plaquemines Parish Civil Service Commission. Any decision regarding classified employees must be made in light of the rules and regulations that relate to classified employees and with the understanding that classified employees can only be terminated for cause. Whether failure to purchase a cell phone with personal funds would constitute cause for purposes of termination of employment is a question best left to the Civil Service Commission. With regard to unclassified employees who are not covered under the civil service rules, our research revealed no impediment to the PPG including a provision in employment contracts requiring such an employee to purchase a particular item for business use, as long as the cost and required demand are both reasonable and relate to the employee's job description.[2] *Page 3 
Next, we examine the question of whether public funds may be used to reimburse critical and necessary employees for the cost of their monthly cell phone bills that relate to business use. La.Const. art. VII, § 14 is relevant to this question and provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . . `
In Board of Directors of the Industrial Development Board of theCity of Gonzales, Louisiana, Inc. v. All Taxpayers, Property Owners,Citizens of the City of Gonzales, et al., 2005-2298 (La. 9/6/06),938 So.2d 11 (the "Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. LouisianaMun. Risk Mgmt. Agency, Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's,938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. The Cabela's
standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
Public funds may be utilized to equip public officials and personnel with regard to their public duties and responsibilities. Atty. Gen. Op. No. 05-0036. Certainly, providing an efficient and effective means of communications between critical employees serves a public purpose and creates a public benefit of having quick responses by public officials to every day business and emergencies. This use *Page 4 
of public funds does not appear to be gratuitous on its face because in return for the funds spent on cell phone plans, critical parish employees are able to more easily conduct parish business and to be reached whenever necessary.
However, without knowing the amount employees will be reimbursed and to what extent public funds will be used to pay for any amount of personal use of the cell phones, we are not in a position to determine whether the proposed expenditure is proportionate to the perceived public benefit. As such, we are unable to definitively state that the proposed expenditure is valid under Louisiana law. Nonetheless, in the event the PPG is able to effectively demonstrate that it has a reasonable expectation of receiving a benefit at least equivalent to the amount expended or transferred, we believe the proposed transaction would be acceptable. This is consistent with past opinions of this office regarding personal use of public property.[3]
Assuming the PPG can show it has a reasonable expectation of receiving a benefit at least equivalent to the amount expended or transferred, your next question is whether there are any limitations on the amount of the reimbursement that can be made to critical employees. First, the expenditure must be reasonable. Atty. Gen. Op. No. 06-0266. This is a decision that must be made by the parish council. Secondly, caution must be exercised to ensure that public funds are not being spent to reimburse employees for personal use of their cell phones. To do so would be a violation of La.Const. art. VII, Sec. 14 and may make the employee liable for the public funds spent for personal use pursuant to La.R.S. 42:1461. The fact that a cell phone might be used occasionally for some personal use does not render its cost to the public disproportionate to the *Page 5 
public benefit realized in having rapid deployment of emergency decision making personnel to an incident or emergency. Atty. Gen. Op. No. 06-0225.[4]
You also ask whether it is permissible to "establish reimbursement on a basic plan rate basis and to adjust the rate periodically if the historical usage for parish related business exceeds the allowables." In other words, instead of the PPG paying the entire bill and having the employee reimburse the PPG for any personal calls made, the employee will pay his/her bill and be reimbursed by PPG for the portion of the bill that represents business related usage. Because many cell phone plans are based on a certain number of minutes at a flat rate (for example, 300 minutes for $50 a month) as opposed to a per-minute charge for each call, the PPG will look to historical usage by the employee of his/her government issued phone to determine the monthly business usage. If cell phone bills reflect that the employee's business related calls have increased, we see no reason why the reimbursement amount could not also increase. Likewise, if the employee's business related calls decrease, care must be taken to lessen the amount paid to the employee as a reimbursement. Otherwise, the PPG would be paying for a portion of the employee's personal use in violation of La.Const. art. VII, Sec. 14.
Accordingly, it is the opinion of this office that the PPG may require its unclassified employees who are deemed to be critical and necessary purchase cell phones for official business use. If the PPG can show that there is a reasonable expectation of receiving at least equivalent value for the public funds spent, it may expend public funds to reimburse the critical and necessary employees for the cost of their monthly cell phone bills directly related to business use. *Page 6 
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
BY: __________________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] Another option would be for the PPG to change the way it currently replaces lost, stolen or destroyed cell phones that were issued to parish employees. As the phones are parish property given to employees to use during employment, it would not be unreasonable to require the employee to bear the cost of replacing the phone if something happened to it.
[2] We also call your attention to La.R.S. 23:963, which may be applicable to PPG and prohibits employers from requiring employees to purchase merchandise, other than uniforms, from a particular vendor. The statute provides:
No person shall coerce or require any of his employees to deal with or purchase any article of food, clothing or merchandise of any kind whatsoever from any person, or exclude from work, punish, or blacklist any of his employees for their failure to deal with another or to purchase any article of food, clothing, or merchandise whatsoever from another or at any place whatsoever. Nothing contained in this Section shall apply to the sale and purchase of uniforms.
Whoever violates the provisions of this Section shall be fined not less than fifty dollars nor more than one hundred dollars, or imprisoned for not less than thirty days nor more than ninety days, or both.
[3] Atty. Gen. Op. No. 06-0225 concluded that employees of the East Baton Rouge Sheriff's Department, who must be accessible twenty-four hours a day, and are therefore provided Department issued cell phones, are not required to reimburse the Department for personal calls under a block-minute billing plan, provided the monthly minute limit selected will be appropriate to official business needs and the personal calls do not incur any cost in excess of the monthly charges due.
Atty. Gen. Op. No. 05-0036 concluded that a school board may use public funds to reimburse its school board members the average cost associated with a board member obtaining and maintaining a home based internet service.
Atty. Gen. Op. No. 07-0180 considered whether an employee who is on call twenty-four hours a day could use the town vehicle to travel back and forth from his home to work and keep the vehicle at his home when he is not at work. The opinion concluded that "the expenditures that may be associated with traveling to and from work appear to be minimal in comparison to the benefit realized in having rapid deployment of decision making personnel to emergency situations. See also Atty. Gen. Op. 90-370 (occasional personal use of public vehicle furnished to hospital administrator on twenty-four call does not constitute a prohibited donation of public property). Similarly, Atty. Gen. Op. No. 06-0124 concluded that the fire chief and assistant fire chiefs, all of whom are on twenty-four hour call, may use vehicles purchased with public funds and assigned to them for occasional personal use without violating La.Const. art. VII, Sec. 14.
[4] La.R.S. 42:1461(A) provides that public officials and employees have a duty not to use public property for personal use. It provides:
A. Officials, whether elected or appointed and whether compensated or not, and employees of any "public entity", which, for purposes of this Section shall mean and include any department, division, office, board, agency, commission, or other organizational unit of any of the three branches of state government or of any parish, municipality, school board or district, court of limited jurisdiction, or other political subdivision or district, or the office of any sheriff, district attorney, coroner, or clerk of court, by the act of accepting such office or employment assume a personal obligation not to misappropriate, misapply, convert, misuse, or otherwise wrongfully take any funds, property, or other thing of value belonging to or under the custody or control of the public entity in which they hold office or are employed.